IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| WILDFIRE PRODUCTIONS, L.P., ) | |
| ) | |
| ) | 2:21-CV-01867-MJH |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FENWAY SPORTS GROUP HOCKEYCO, ) | |
| LLC., FENWAY SPORTS GROUP, ) | |
| FENWAY SPORTS GROUP, LLC, | |
| | |
| Defendants, | |

OPINION AND ORDER

Plaintiff, Wildfire Productions, L.P., brings the within action against Defendants, Fenway Sports Group Hockey Co, LLC, Fenway Sports Group, and Fenway Sports Group, LLC, asserting claims for Aiding and Abetting a Breach of Fiduciary Duty (Count I) and Tortious Interference with a Contractual Relationship (Count II). (ECF No. 1). The National Hockey League has moved to intervene (ECF No. 46) and moved to compel the parties to arbitrate Wildfire's claims (ECF No. 45). Fenway has moved to compel arbitration, to stay the complaint, or, in the alternative, to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (ECF No. 40).

Fenway's Motion to Stay requests that this Court stay the within proceeding because of a pending action in Delaware state court. Following review of Fenway's motions, the Court directed the parties to only address the stay motion and suspended response deadlines to any other pending motions and discovery. (ECF No. 49). The matter is now ripe for consideration.

Following consideration of Fenway's Motion to Stay and Brief in Support (ECF Nos. 40, 41, and 44), the National Hockey League's Response in Support (ECF No. 51), Wildfire's

Response in Opposition (ECF Nos. 56 and 57), Fenway's Reply (ECF No. 58), and for the following reasons, Fenway's Motion to Stay will be granted.

I.  Background

Wildfire is a Limited Partner of Lemieux Group LP (the "Partnership")—which owns the Pittsburgh Penguins Hockey Club, a member of the National Hockey League (NHL).  Wildfire seeks to challenge Fenway's acquisition of a controlling stake in Team Lemieux LLC, the Partnership's General Partner, from Mario Lemieux and Ron Burkle (the "Transaction").   In a lawsuit filed in the Delaware Court of Chancery against Team Lemieux and Lemieux Group, Wildfire has averred a breach of contract and breach of fiduciary duty. *Wildfire Productions, L.P. v. Team Lemieux LLC*, No. 2021- 1072 (Del. Ch., filed Dec. 9, 2021) (the "Delaware Litigation"). Wildfire's suit in the Delaware litigation asserts four claims: 1) a demand for a declaratory judgment against Team Lemieux to enforce the parties' rights and fiduciary obligations under their agreements; 2) breach of fiduciary duty against Team Lemieux; 3) breach of the covenant of good faith and fair dealing against Team Lemieux and Lemieux Group; and 4) breach of contract against Team Lemieux and Lemieux Group.  In the Delaware Action, Wildfire seeks the following relief: an order declaring the attempted Transfer of Team Lemieux's Interests to Fenway "null and void" pursuant to the GP Transfer Prohibition and/or GP Withdrawal Restriction and declaring the Attempted Amendment null and void; an order rescinding the Proposed Transaction and Attempted Amendment; an order enjoining Team Lemieux and Lemieux Group from taking further action to prevent or obstruct Wildfire from exercising its rights; damages; and costs and expenses including attorney's fees.

In this action, Wildfire asserts claims against Fenway for aiding and abetting the purported breaches of fiduciary duties that are alleged against Team Lemieux in the Delaware

Litigation and for allegedly tortiously interfering with the Partnership agreement, that is at issue in the Delaware Litigation, by entering into the Transaction with Team Lemieux.

In both this action and the Delaware action, the defendants and the NHL intervenors have moved to compel arbitration pursuant to the NHL Constitution in accordance with the Partnership's Consent Agreement with the NHL, which requires that all disputes such as this one "be resolved in accordance with Section 6.3 of the NHL Constitution and the NHL Commissioner shall have full and exclusive jurisdiction and authority to arbitrate and resolve such dispute."

II.   Discussion

In its Motion to Stay, Fenway contends that the Court should stay any further proceedings in this action until the Delaware Litigation has concluded, because it would avoid substantial risk of duplicative and contradictory rulings. Wildfire maintains this Court should not stay or abstain under the principles of *Colorado River Water Cons. Dist. v. U.S.*, 424 U.S. 800, 813-20 (1976). The NHL has no objection to staying this matter.

Under *Colorado River*, a federal court may abstain (1) if "there is a parallel state proceeding that raises substantially identical claims and nearly identical allegations and issues," and (2) if "extraordinary circumstances" merit abstention. *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307–08 (3d Cir. 2009) (internal quotations omitted). "Two proceedings generally are considered parallel when they 'involve the same parties and substantially identical claims, raising nearly identical allegations and issues.'" *Golden Gate Nat'l Senior Care, LLC v. Minich ex rel. Estate of Shaffer*, 629 F. App'x 348, 350 (3d Cir. 2015) (citation omitted). The Supreme Court has also held that "unlike the outright dismissal or remand of a federal suit, ... an order merely staying the action 'does not constitute abnegation of

3

judicial duty. On the contrary, it is a wise and productive discharge of it. There is only postponement of decision for its best fruition.'" *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721, 116 S. Ct. 1712, 1723, 135 L. Ed. 2d 1 (1996) (citations omitted).

A. Parallel State Proceedings

Fenway contends that this action is parallel because "the determination of [the] issues" in the Delaware Litigation "[would] resolve them" in this action. Wildfire argues that this action and the Delaware Litigation are not parallel because the parties are different, the claims are different, and the relief sought is different.

Strict identity between parties and claims is not necessary for pending proceedings to be substantially similar, although that will be the most usual circumstance in which a court finds parallel proceedings to exist. *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 284 n. 8 (3d Cir. 2017).

Here, Defendants in this litigation and defendants in the Delaware Litigation are closely related for purposes of finding "parallel proceedings" under *Colorado River*. Both lawsuits involve the same Transaction. In the Delaware Litigation, defendants are the sellers, and in this lawsuit, Defendants are the purchasers. With regards to claims asserted and relief sought, in the Delaware Litigation, Wildfire asserted claims against Team Lemieux for (1) breach of fiduciary duty, (2) breach of contract, and (3) for a declaratory judgment that the Amendment to the Partnership Agreement and the Transaction are both null and void. In this action, Wildfire asserts claims against Fenway for (1) aiding and abetting Team Lemieux's purported breaches of fiduciary duty and (2) tortious interference with the Partnership Agreement. Both of the claims in this action are also at-issue in the Delaware Litigation. To establish these claims, Wildfire must establish as a predicate that Team Lemieux breached its fiduciary duty and that there was a

4

breach of the Partnership Agreement.  Thus, if the Delaware Court were to determine that Team Lemieux did not breach any of its fiduciary duties and did not breach the Partnership Agreement, the questions of whether Fenway aided and abetted any fiduciary duty breach or tortiously interfered with the Partnership Agreement would be resolved. Finally, as regard differences in injunctive relief sought, Wildfire's argument is unavailing as a clear reading of both actions demonstrates that Wildfire is seeking money damages for the alleged harm caused by the conduct of both Fenway and Team Lemieux.

Accordingly, this Court finds that the Delaware Litigation is sufficiently parallel to this action for purposes of *Colorado River* Abstention.

B.  Extraordinary Circumstances

Fenway maintains that under the second element of *Colorado River*, extraordinary circumstances warrant abstention following the six factors identified in *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1 (1983).  Wildfire denies that such extraordinary circumstances exist or that the six factors weigh in favor of finding the same.

The six factors are (1) whether the action is in rem (about the disposition of property); (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties. *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 308 (3d Cir. 2009).

Here, factor one is neutral as the matter is not *in rem*.  As regards factor two, the federal forum of the Western District of Pennsylvania bears some inconvenience given that it may have not been the appropriate forum for this lawsuit.  Under the Partnership Agreement, Wildfire

5

agreed to litigate "any dispute arising out of" the Partnership Agreement in the state or federal courts in Delaware.  Moreover, Fenway is a Delaware Corporation and has expressly consented to transfer of this case to Delaware so that all issues could be addressed and decided in one forum.   Therefore, factor two weighs in favor of abstention.   As regard factor three, the Court observes a clear risk of piecemeal litigation.  Each case would be examining contract interpretation and scope of fiduciary duties under Pennsylvania law, which risks inconsistent and contradictory rulings.  Further, the NHL and defendants in both cases have moved to compel arbitration, which may ultimately deprive both the Delaware court and this Court of jurisdiction.  Moreover, duplicate rulings on identical issues could create complicating factors of res judicata and preclusion issues.  Therefore, factor three favors abstention.  As regard factor four, Wildfire filed the Delaware Litigation first.  Wildfire further maintains the Court is obligated to hear its Motion for Preliminary Injunction and thus supports the exercise and retention of jurisdiction by this Court.   Wildfire contends these issues, likelihood of success on the merits and irreparable harm, must be addressed by this Court.  However, the Preliminary Injunction necessarily requires interpretation of the underlying contracts and duties that arise thereunder and would be a critical part of assessing the likelihood of success on the merits. As such, and even as pleaded, the contract and express, implied and fiduciary duties and breaches thereof are central to determining likelihood of success on the merits of this case as to whether Fenway committed any tortious interference with the same.  Accordingly, as discussed above, the Delaware Litigation and its interpretations of the respective contracts and duties needs to be completed before this Court can delve into the Preliminary Injunction issues.  Therefore, factor four weighs in favor of abstention.

Likewise, under factor five, state law applies here which favors abstention.  Finally, with regard to factor six, the Delaware Court would adequately protect Wildfire's interests because it chose to bring the Delaware Litigation in Delaware, pursuant to a Delaware forum selection provision in the Partnership Agreement, to which it voluntarily agreed.  Therefore, factor six weighs in favor of abstention.

Accordingly, the Court finds that, under the six-factor test, there are sufficient extraordinary circumstances under the second element of *Colorado River*.  Having found that both elements of *Colorado River* are met, the Court finds that a stay is appropriate in this case, and Fenway's Motion to Stay will be granted.

ORDER

Following consideration of the foregoing, Fenway's Motion to Stay is granted (ECF No. 40).  A Stay in this matter is hereby entered.  Seven (7) days following any disposition of the current pending motions in the Delaware Litigation, the parties shall file a joint status report and append any decision by the Delaware Court.

DATED this 11th day of March, 2022.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge